FOX ROTHSCHILD LLP
100 Park Avenue, Suite 1500
New York, NY 10017
Tel: 212 878-7900
Fax: 212 878-0940

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Cartier International N.V<br><br>Plaintiff,<br><br>-against-<br><br>Nube, S.L.,<br>JMED Holdings LL C<br>Rawhide Accessories Ltd.<br><br>Defendants. | Civil Action No.: 08-CV-7814 |




## VERIFIED COMPLAINT

Plaintiff Cartier International N.V ("Cartier"), by its attorneys, brings this action against Defendants Nube, S.L. ("Nube"), JMED Holdings Inc. ("JMED"), Rawhide Accessories Ltd.("Rawhide"), and complains and alleges as follows:

## JURISDICTION AND VENUE

1. Pursuant to 15 U.S.C. § 1121(a), this Court has original subject matter jurisdiction over this action as it arises under U.S.C. Title 15, Chapter 22 (the "Lanham Act"), and involves Defendants' infringement of the federally registered and common law trademarks owned by Cartier, and Defendants' false designation of origin under 15 U.S.C. §1125(a). Pursuant to 28 U.S.C. §§ 1331 and 1338, this Court has original jurisdiction over claims asserted under the Lanham Act, as these claims arise under the federal laws of the United States. This

Court has original jurisdiction over all other claims not asserted under the Lanham Act pursuant to U.S.C. § 1332 because there is a diversity of citizenship between the Plaintiff and Defendants and the amount in controversy exceeds $75,000. Furthermore, this Court has supplemental jurisdiction over all other claims not asserted under the Lanham Act pursuant to 28 U.S.C. § 1367(a), as these claims are related to claims within the Court's original jurisdiction.

2. This Court has personal jurisdiction over Defendants pursuant to N.Y. Civ. Prac. L. & R. 302(a) because they transact and solicit business in this district, and because they sell and offer for sale, within or without this state, goods that infringe Cartier's trademarks expecting their acts to have consequences in this district.

3. This Court has personal jurisdiction over Defendants Nube and Rawhide because they conduct business with residents of New York over the Internet. Via their interactive websites, Defendants Nube and Rawhide intentionally and knowingly solicit and enter into sale contracts with and accept and process payments from residents of New York. Upon information and belief, Defendants maintain control over these transactions in specifically targeting New York residents.

4. Alternatively, this Court has personal jurisdiction over Defendants Nube and Rawhide pursuant to Fed. R. Civ. P. 4(k)(2) because their acts of infringement specifically target the United States and because the claims in this action arise under federal law and jurisdiction is consistent with the Constitution and laws of the United States and Defendants are properly served with a summons.

5. Venue is proper in this district under 28 U.S.C. § 1391(b).

**THE PARTIES**

6. Plaintiff Cartier International, N.V. ("Cartier") is a corporation, organized and existing under the laws of the Netherlands Antilles, having its principal place of business at Scharlooweg 33, Curaçao, the Netherlands Antilles.

7. Upon information and belief, Defendant Nube, S.L. ("Nube") is a corporation, organized and existing under the laws of Spain, having its principal place of business at Beethoven Street No. 15, 1-5 Barcelona 08021 Spain.

8. Upon information and belief, Defendant JMED Holdings Inc. ("JMED") is a corporation, organized and existing under the laws of New York State, having its principal place of business at 618 West 46th street, New York, NY 10036.

9. Upon information and belief, Defendant Rawhide Accessories Ltd. ("Rawhide") is corporation, organized and existing under the laws of the United Kingdom, having its principal place of business at Lancaster House, Lancaster Road, Carnaby Industrial Estate, Bridlington, East Yorkshire Y015 3QY United Kingdom.

**FACTS COMMON TO ALL CLAIMS**

10. Cartier is one of the preeminent symbols of luxury in the world whose origins date to over 150 ago. Over the years, Cartier has developed a number of famous and valuable trademarks in relation to its luxury goods and services, including jewelry, bags, handbags, purses, wallets and related goods.

11. Cartier spends a considerable amount of money and exercises great effort in advertising, promoting, and establishing its various marks in the minds of consumers as identifiers of Cartier's high quality products and services.

12. Cartier's marks symbolize the accumulation of considerable goodwill belonging exclusively to Cartier, and any trademark used in association with a Cartier's product or name acquires the general goodwill and reputation of Cartier.

13. Cartier first started using the trademarks "Pasha" and "Pasha De Cartier" ("the "Pasha" marks") in relation to watches in 1985, and, soon afterward, expanded its use of these trademarks to other types of luxury accessories, including jewelry, bags, handbags, purses, wallets and related goods

14. Currently, Cartier is the owner of the following U.S. Trademark Registration on the Principal Register in the United States Patent and Trademark Office for the trademarks "Pasha:"

| Mark | Registration No. | Registration Date | Goods |
|---|---|---|---|
| Pasha | 3114431 | 7/11/2006 | Precious metals and their alloys and goods in precious metals or coated therewith, namely, boxes of precious metals for watches and jewelry and watch straps; jewelry; precious stones; horological and chronometric instruments, namely, watches, chronometer, and clocks |
| Pasha | 1483326 | 4/5/1988 | Watches |
| Pasha | 1916128 | 9/5/1995 | Ladies hand bags, purses, wallets, credit card holders, and valises |
| Pasha | 1426187 | 1/27/1987 | Soaps, perfumes, non-medicated hair lotions, dentifrices |
| Pasha | 1446380 | 7/7/1987 | Pens |

See Exhibit A.

15. Registration Nos. 1,483,326; 1,446,380 and 1,916,128 are incontestable.

16. Over the years, Cartier has spent a considerable amount of money and exercised great effort in advertising and establishing the "Pasha" marks in the minds of consumers as identifiers of Cartier's high quality services. Since 2005 alone, Cartier has spent

over 10 million dollars on advertisement and promotion of various products under the "Pasha" marks.

17. Cartier's advertising involves a number of different venues including Internet, print advertising, trade shows, trade publications, and mailings sent directly to customers and potential customers. Cartier's advertisement of product under the "Pasha" marks appeared in The New York Times, The Wall Street Journal, Vogue, and GQ, among many others.

18. Through Cartier's continuous and exclusive use of the marks on luxury goods in the United States and worldwide and extensive advertisement campaigns, the "Pasha" marks have acquired such considerable goodwill that the public has come to associate the "Pasha" marks exclusively with Cartier and to believe that the "Pasha" marks uniquely identify Cartier's high quality accessories, including jewelry, bags, handbags, purses, wallets and related products.

19. Through Cartier's extensive efforts and continuous use, the "Pasha" marks have become famous and have earned Cartier a far-reaching reputation and goodwill for its goods identified by the "Pasha" marks.

20. Defendant Nube operates a worldwide franchise of night clubs and uses a trademark "Pacha" in connection with its clubs.

21. Defendant Nube owns a number of U.S. Registration for the mark "Pacha" and design. Defendant Nube indicates on its trademark applications that the English translation for the word "Pacha" is "Pasha."

22. Upon information and belief, Defendant Nube has recently began to use or license the trademark "Pacha" in connection with accessories, including, jewelry, bags, handbags, bags, purses, and wallets, among other related goods.

23. Upon information and belief, Defendant JMED operates a night club under the name "PACHA" located at 618 W. 46th St., New York, NY 10036.

24. Upon information and belief, Defendant JMED licenses the name "Pacha" from Defendant Nube to be used in connection with providing night club and entertainment services. Upon information and belief, various accessories under the trademark "Pacha are sold at Defendant JMED's nightclub.

25. Upon information and belief, Defendant Rawhide has a license agreement with Defendant Nube to design, manufacture and sell accessories, including jewelry, bags, handbags, purse, wallets and related products, under the trademark "Pacha."

26. Defendant Rawhide sells its products under the trademark "Pacha" at a website located at the domain name www.pachacollection.com. Upon information and belief, Defendant Nube is a registrant of the domain name www.pachacollection.com.

27. Defendants Nube and Rawhide allow residents of New York to create an account at and to order accessories under the trademark "Pacha" from pachacollection.com, and ship such accessories to New York. Upon information and belief, Defendants maintain control over these transactions in specifically targeting the United States and also New York residents.

28. Defendants' use of the trademark similar to Cartier's "Pasha" marks is without Cartier's authorization or authorization from any other person or entity authorized to grant such permission.

29. Defendants' use of the trademarks similar to Cartier's "Pasha" marks is likely to cause consumers to believe that Cartier's and Defendants' goods originate from the same source or are somehow related, or that Cartier is licensing, endorsing, authorizing, sponsoring or is in some way associated with Defendants' activities.

30. Defendants are capitalizing on Cartier's well known goodwill and reputation to enhance the promotion and sales of their own products and services for commercial purposes and financial gain.

31. Cartier has been, and continues to be, injured by Defendants' unlawful acts within the State of New York and within this judicial district.

32. Upon information and belief, Defendants acted with actual and constructive notice of the "Pasha" marks and of Cartier's extensive and continuous use of the "Pasha" marks in relation to jewelry, bags, handbags, purses, wallets and other accessories.

33. Upon information and belief, Defendants performed the acts complained of herein willfully and with knowledge of the infringement they would cause, and with intent to cause confusion, mistake, or deception, and to appropriate and unfairly trade upon Cartier's extensive reputation and goodwill in the "Pasha" marks.

**COUNT I**
**FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. §§ 1114, 1117**

34. Cartier realleges and incorporates the allegations in all preceding paragraphs of this Complaint.

35. Defendants' unauthorized and unlicensed use of the trademark "Pacha" in U.S. commerce in relation to accessories is likely to cause confusion and mistake and to deceive consumers as to the source or origin of Defendants' goods.

36. Defendants' acts infringe Cartier's "Pasha" marks, with consequent damage to Cartier itself and the business and goodwill symbolized by the "Pasha" marks in violation of 15 U.S.C. § 1114 (Section 32 of the Lanham Act).

37. Defendants' acts of trademark infringement of the "Pasha" marks for commercial purposes and financial gain have caused and are causing great and irreparable injury

to Cartier, to the "Pasha" marks, and to the business and goodwill represented by these marks, in an amount that cannot be ascertained at this time, and, unless enjoined, will cause further irreparable injury, leaving Cartier with no adequate remedy at law.

38. Defendants' acts have been willful, deliberate, and intended to benefit Defendants at Cartier's expense.

39. By reason of the foregoing, Cartier is entitled to injunctive relief against Defendants and, after trial, to recover any damages proven to have been caused by reason of Defendants' acts of trademark infringement.

**COUNT II**
**FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. §1125(a)**

40. Cartier realleges and incorporates the allegations in all preceding paragraphs of this Complaint.

41. Defendants' use of the trademark "Pacha" in the manner described above is likely to cause consumers to mistakenly believe that Defendants have an affiliation with the Cartier, or that Defendants' goods are sponsored or approved by Cartier, or that Defendants are otherwise associated with or have obtained permission from Cartier.

42. Defendants' acts of unfair competition and false advertising have caused irreparable injury to Cartier's goodwill and reputation in an amount that cannot be ascertained at this time and, unless enjoined, will cause further irreparable injury, leaving Cartier with no adequate remedy at law.

43. By reason of the foregoing, Cartier is entitled to injunctive relief against Defendants, and, after trial, to recover any damages proven to have been caused by Defendants' acts of unfair competition and false designation of origin.

**COUNT III**
**TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER NEW YORK STATE LAW**

44. Cartier realleges and incorporates the allegations in all preceding paragraphs of this Complaint.

45. The acts of Defendants as described above constitute trademark infringement and unfair competition in violation of Cartier's rights under the common law of the State of New York and N.Y. Gen. Bus. Law § 368-e.

**COUNT IV**
**DECEPTIVE ACTS AND PRACTICES**

46. Cartier realleges and incorporates the allegations in all preceding paragraphs of this Complaint.

47. The acts of Defendants as described above constitute deceptive acts and practices in violation of N.Y. Gen. Bus. Law §§349-350.

**COUNT V**
**UNJUST ENRICHMENT**

48. Cartier realleges and incorporates the allegations in all preceding paragraphs of this Complaint.

49. Defendants' use of the trademark "Pacha" in the manner described above is likely to cause consumers to mistakenly believe that Defendants have an affiliation with Cartier, or that Defendants' goods are sponsored or approved by Cartier, or that Defendants are otherwise associated with or has obtained permission from Cartier. Upon information and belief, Defendants have been or will be enriched at Cartier's expense by their unauthorized and unlicensed use of trademarks that are likely to cause confusion with Cartier's "Pasha" marks.

50. Any enrichment that Defendants have received or will receive from their unauthorized and unlicensed use of trademarks that are likely to cause confusion with Cartier's "Pasha" marks is unjust and should, in equity and good conscience, be returned to Cartier.

51. As a result of Defendants' unauthorized and unlicensed use of trademarks that are likely to cause confusion with the "Pasha" marks, Cartier has been, and will continue to be, irreparably harmed unless Defendants, and all persons or entities acting on its behalf, in concert with them or as their agents, are permanently enjoined from using trademarks that are likely to cause confusion with Cartier's "Pasha" marks. Cartier has no adequate remedy at law.

52. As a result of Defendants' unauthorized and unlicensed use of trademarks that are likely to cause confusion with Cartier's "Pasha" marks, Defendants have been unjustly enriched at the expense of Cartier in an amount in excess of this Court's jurisdictional requirement and according to proof at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Cartier respectfully requests this Court to enter judgment in its favor as follows:

A. Declare that Defendants' unauthorized conduct violates Cartier's rights under the Lanham Act, the common law of New York, the New York General Business Law.

B. Immediately and permanently enjoin Defendants, their agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them from:

(1) using the designation "Pasha" or any confusingly similar designation or any designation that includes the trademark "Pasha" or any confusingly similar designation;

(2) from doing any other acts or things calculated or likely to cause confusion or mistake in the mind of the public, or to lead consumers into the belief that products or services sold, offered for sale, or distributed by Defendants are authorized, sponsored, licensed, endorsed, promoted, or condoned by Cartier, or are otherwise affiliated with or connected to Cartier;

(3) representing by any means whatsoever, directly or indirectly, that any products or services offered or provided by Defendants are offered, provided by, or approved by Cartier, or from otherwise taking any action likely to cause confusion, mistake, or deception on the part of consumers as to the origin or sponsorship of such products and services;

(4) otherwise competing unfairly with Cartier in any manner;

(5) continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint; and

(6) aiding any other party in doing any acts prohibited by this paragraph.

C. Direct Defendants to provide a complete accounting of their infringing activities and to deliver to Cartier any and all products marked with or sold under trademarks confusingly similar to Cartier's "Pasha" marks, as well as any and all labels, products, or items containing trademarks confusingly similar to Cartier's "Pasha" marks.

D. Order Defendants, pursuant to 15 U.S.C. § 1116, to serve on Cartier within thirty (30) days after service on Defendants of preliminary or permanent injunction orders, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction(s);

E. Order Defendants to account to Cartier for Defendants' profits and any damages sustained by Cartier arising from Defendants' acts of trademark infringement, and unfair competition, and order that Cartier be awarded the greater of (i) three times Defendants' profits or (ii) three times any damages sustained by Cartier under 15 U.S.C. § 1117, plus prejudgment interest;

F. Order Defendants to pay Cartier enhanced damages for their oppression, fraud, malice, and gross negligence, whether grounded on proof of actual damages incurred by Cartier or on proof of Defendants' unjust enrichment;

G. Award Cartier its costs and disbursements incurred in connection with this action, including reasonable attorneys' fees and investigative expenses, on the ground that this is an exceptional case under 15 U.S.C. § 1117; and

H. Award Cartier such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

FOX ROTHSCHILD LLP
New York, New York

Dated: September 5, 2008

Daniel A. Schnapp (DS 3484)
Gerard P. Norton (GN 9905)

FOX ROTHSCHILD, LLP
100 Park Avenue, Suite 1500
New York, NY 10017
Tel: 212 878-7900
Fax: 212 878-0940

Attorneys for Plaintiff
Cartier International N.V

**VERIFICATION**

Bharat Dube, being first duly sworn, deposes and says as follows:

1. I am Senior Counsel and Head of Enforcement, employed by Richemont Intellectual Property Services, Société Anonyme, a corporation organized under the laws of Switzerland. My company is responsible for the worldwide enforcement of, inter alia, the intellectual property rights of Plaintiff Cartier International N.V.

2. I have read the foregoing Verified Complaint and know the contents thereof and the same are true to my knowledge, except those matters stated thereon as to be alleged upon information and belief, and as to those matters I believe them to be true; and verify under the penalty of perjury that the forgoing is true and correct.

Sworn to before me this
5th day of September, 2008

Bharat Dube

BHARAT DUBE